UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**KODA GROUP INCORPORATED,** a Michigan corporation; and **TIMOTHY GILBERT**, an individual,<br><br>　　　　　Defendants. | Civil Action No. 23-cv-13183 |

# COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), Plaintiff, **Julie A. Su**, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), brings this action to enjoin and restrain the Defendants **Koda Group Incorporated**, a Michigan corporation ("Koda"), and **Timothy Gilbert** ("Gilbert"), an individual (collectively, "Defendants"), from violating sections 207(a)(1), 211, 215(a)(2), and 215(a)(5) of the FLSA and to recover unpaid overtime compensation owing to Defendants' employees together with an equal

1

additional amount in liquidated damages pursuant to Section 216(c) of the Act (29 U.S.C. § 216(c)) for Defendants' employees.

The Acting Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Acting Secretary's investigation reviewed Defendants' employment and pay practices from July 1, 2021, through September 20, 2022 (the "Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.

## Jurisdiction and Venue

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

## Defendants

3. Defendant Koda Group Incorporated, a Michigan corporation, conducts business within this Court's jurisdiction at 200 North Center Street, Northville, Michigan 48167.

4. Koda is a security company that employs armed and unarmed security guards that provide service to Koda's commercial clients.

5. Defendant Gilbert, Koda's sole owner, actively managed and supervised Koda's operations and its security guards during the Investigation Period. Among other things, Defendant Gilbert hired and fired security guards; set security guards' work schedules; and set security guards' pay rates.

6. Defendant Gilbert acted directly or indirectly in Koda's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

7. During the Investigation Period, Defendants engaged in business in Wayne County, Michigan, within this Court's jurisdiction.

### The FLSA Applies to Defendants

8. Koda is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

9. Koda is an "enterprise engaged in commerce" under the FLSA because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

### Defendants Misclassified Their Employees as Independent Contractors

10. As a matter of economic reality, Defendants' security guards were

misclassified as independent contractors when, in fact, they were economically dependent upon Koda and were not in business for themselves because, among other things:

    a. Defendants controlled the terms and conditions of the security guards' work. For example:

        i. Defendants required the security guards to work a minimum of 40 hours per week;

        ii. Defendants required the security guards to adhere to their policies and procedures detailed in Koda's employee handbook, including adherence to Koda's:

            1. Uniform policy,

            2. Use of force policy,

            3. Social media policy,

            4. Procedures governing the guards interactions with the public,

            5. Policy requiring all guards maintain Michigan Concealed Pistol License,

            6. Vacation and paid time off policies, and

            7. Required trainings.

      iii. Defendants controlled job site placement;

      iv. Defendants directed the work performed by the security guards;

      v. Defendants set the security guards' rate of pay without any negotiation; and

      vi. Defendants provided the equipment needed to perform the work including, among other things, uniforms, firearms, and tactical equipment.

b. Defendants paid the security guards hourly.

c. The security guards did not earn additional compensation based on completing their tasks efficiently or skillfully.

d. The security guards lacked any opportunity for profit or loss.

e. The security guards worked solely for the Defendants and did not contract to serve as guards for other companies.

f. The security guards performed work integral to Defendants' business.

g. The security guards performed work requiring limited skill and initiative.

    h. The security guards were reliant on Defendants for job site placement.

    i. Defendants hired the security guards for an indefinite term of employment.

    j. No security guards held themselves out as a separate business entity, advertised services, or carried liability insurance beyond that provided by Defendants.

11. Accordingly, the security guards are Koda's employees under the FLSA.

## FLSA Violations

### *Overtime Violations*

12. Defendants repeatedly violated Sections 207 and 215(a)(2) of the FLSA when they failed to pay their employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek. Defendants paid employees only their regular rates for all hours worked. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

### *Recordkeeping Violations*

13. Defendants violated Sections 211 and 215(a)(5) of the FLSA and 29 C.F.R. § 516.4 when they failed to post and keep posted a notice explaining the FLSA, in conspicuous places in every establishment where such employees are

employed so as to permit them to observe readily a copy. 29 U.S.C. §§ 211, 215(a)(5), 29 C.F.R. Part 516.4.

## Remedies Sought

14. As a result of their FLSA violations, Defendants owe the employees listed in **Exhibit A** back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

15. Defendants may also owe additional back wages and liquidated damages during the Investigation Period to employees whose identities are presently unknown to the Acting Secretary.

## Prayer for Relief

As a result of Defendants' repeated FLSA violations, the Acting Secretary respectfully requests this Court enter an Order:

A. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 207, 211, 215(a)(2), and 215(a)(5) of the FLSA. 29 U.S.C. § 217.

B.   Finding Defendants liable for unpaid overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Acting Secretary. 29 U.S.C. § 216(c).

C.   If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

D.   Providing such other relief as may be necessary and appropriate.

E.   Awarding costs and granting such other and further relief as may be

necessary and appropriate.

          Respectfully submitted,

          **SEEMA NANDA**
          Solicitor of Labor

          **CHRISTINE Z. HERI**
          Regional Solicitor

**LOCAL COUNSEL:**           **CORRELL L. KENNEDY**
          U.S. Department of Labor
**DAWN ISON**           Office of the Solicitor
United States Attorney           230 South Dearborn Street, Rm. 844
**KEVIN ERSKINE (P69120)**           Chicago, Illinois 60604
Assistant U.S. Attorney           312-353-2240
211 W. Fort Street, Ste. 2001           Kennedy.correll.l@dol.gov
Detroit, MI 48226
Email: kevin.erskine@usdoj.gov

          *Attorneys for Plaintiff Julie A. Su,*
          *Acting Secretary of Labor, United*
          *States Department of Labor*

## EXHIBIT A

1. Adesina, J.
2. Alshumary, A.
3. Andrews, I.
4. Ardinger, A.
5. Baker, R.
6. Bassett, A.
7. Beute, J.
8. Blackmon, L.
9. Borck, D.
10. Boyd, C.
11. Brown, C.
12. Brown, D.
13. Burke, T.
14. Carver, B.
15. Cooper, R.
16. Dawson, S.
17. Diaz, V.
18. Duka, B.
19. Fuller, H.
20. Gossett, P.
21. Gribble, J.
22. Hamad, J.
23. Harlan, J.
24. Hasyn, A.
25. Hunter, A.
26. Jirjes, J.
27. Kling, A.
28. Knapp, J.
29. Krupp, C.
30. MacQuarrie, B.
31. Mansour, J.
32. Martin, M.
33. Maxwell, M.
34. McCarthy, T.
35. McCrary, D.
36. Michuta, D.
37. Mitchell, T.
38. Mona, R.
39. Moon, R.
40. Mundy, N.
41. Nance, R.
42. Nicholson, J.
43. Nickens, S.
44. Norkowski, T.
45. Parsons, D.
46. Parton, R.
47. Penny, N.
48. Perry, P.
49. Plescow, C.
50. Reyna, M.
51. Rumsey, C.
52. Said, N.
53. Salerno, A.
54. Salerno, S.
55. Smith, C.
56. Strohauer, R.
57. Syrkett, S.
58. Taranto, J.
59. Taylor, C.
60. Weinberg, M.
61. Welch, K.
62. Wild, J.
63. Wright, J.
64. Young, J.