UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **JULIE A. SU**, Secretary of Labor,<br>United States Department of Labor,<br><br>   Plaintiff,<br><br>v.<br><br>**KODA GROUP INCORPORATED,**<br>a Michigan Corporation,<br>and **TIMOTHY GILBERT,** individual,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.  23-cv-13183<br>)<br>) Hon. Matthew F. Leitman<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CONSENT JUDGMENT AND ORDER

Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), has filed a complaint under the Fair Labor Standards Act of 1938 as amended (29 U.S.C. § 201 *et seq.*) ("FLSA" or "Act"), and Defendants Koda Group Incorporated ("Koda"), a Michigan corporation and Timothy Gilbert ("Gilbert"), individually (collectively "Defendants"), have appeared, and waive formal service of process of the Summons and Complaint, waive their Answer and any defenses which they may have, and agree to the entry of this Consent Judgment and Order ("Consent Judgment") without contest.

Defendants admit and the Court finds Defendants are engaged in related activities performed through unified operation or common control for a common business purpose and are an "enterprise" under 29 U.S.C. § 203(r) of the FLSA.

Defendants admit and the Court finds Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(1)(A) of the FLSA.

Defendants admit and the Court finds Defendants are employers as defined in 29 U.S.C. § 203(d) of the FLSA.

Upon motion of attorneys for the Acting Secretary and Defendants and for cause shown, it is:

ORDERED, ADJUDGED, AND DECREED, pursuant to section 17 of the FLSA that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, in any of the following manners:

1. Defendants shall not, contrary to 29 U.S.C. §§ 206 and 215(a)(2), pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the

2

FLSA, wages at rates less than $7.25 an hour, or any rate subsequently made applicable by amendment to the FLSA.

2. Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees including, but not limited to, any of their employees working at Koda, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the FLSA, for workweeks longer than forty hours, unless said employees receive compensation for their employment in excess of forty hours at a rate equivalent to one and one-half times the regular rate at which they are employed.

3. Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at Koda, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to 29 U.S.C. §§ 211(c) and 215(a)(5) and found at 29 C.F.R. Part 516. Defendants shall make such records available at all reasonable times to representatives of the Plaintiff.

4. Pursuant to 29 U.S.C. § 215(a)(3), Defendants shall not discharge or take any retaliatory action against any of their current or former employees because the current or former employee engages in any of the following activities:

    a. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Defendants or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA;

    b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA, by the Defendants or another employer with whom there is a business relationship; or

    c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA.

5. Defendants shall comply with 29 C.F.R. § 516.4 by posting the FLSA poster in both English and Spanish.

6. Defendants shall provide its current employees and any new employees with the following information, in a language in which the employee is fluent, for a period of two years:

   a. A copy of the *Handy Reference Guide to the Fair Labor Standards Act* (WH-1282), published by the U.S. Department of Labor and found at http://www.dol.gov/whd/, which sets forth employee's rights and responsibilities under the Act;

   b. A copy of the *Work Hours Recordkeeper* book (WH-1497), published by the Department of Labor and found at http://www.dol.gov/whd/, which can be used by employees to record their hours worked; and

   c. The local telephone number of the U.S. Department of Labor, Wage and Hour Division, Detroit District Office, which is (313) 309-4500.

7. Defendants shall provide each employee on each pay date with a pay stub reflecting specific dates of the pay period, total hours worked and paid, rate of pay, gross amounts paid, and any deductions taken by Defendants. Each pay stub shall be accompanied by the employee's record of daily and weekly hours for the corresponding pay period.

8. Defendants shall treat all persons hired, engaged or utilized in conducting the business of Defendants as "employees" under the Act, including

but not limited to, those persons performing services for Defendants as security guards, office staff, and human resources staff. Defendants hereby acknowledge that persons working as security guards, office staff, and human resources staff are "non-exempt" workers subject to the FLSA's minimum wage, overtime, and recordkeeping requirements.

9. Defendants shall not fail to make, keep, and preserve records of their employees' wages, hours and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found at 29 C.F.R. Part 516, including, but not limited to, maintaining records of all hours worked by each employee in each workday and each workweek and records of compensation paid to each employee in each workweek, whether payment is made by a payroll check, personal check, cash or a combination thereof. The records maintained by Defendants shall also include, but not be limited to, the full name and last-known mailing address of all employees, the daily starting and stop time of each employee, and the specific method of payment made to each employee.

FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to section 16(c) of the Act, in favor of the Acting Secretary and against Defendants in the total amount of $151,208.00, plus post-judgment interest as set forth in Exhibit A.[1]

10. The Acting Secretary shall recover from Defendants the sum of $75,604.00 in unpaid overtime compensation covering the period from July 21, 2021, to September 20, 2022, for Defendants' current and former employees whose names are listed in the attached Exhibit A, and the additional sum of $75,604.00 in liquidated damages.

    a. At the time of Defendants' execution of this Consent Judgment, Defendants shall deliver a preliminary payment in the amount of $37,802.18 by ACH transfer, credit card, debit card, or digital wallet at https://www.pay.gov/public/form/start/77692637 or www.pay.gov and searching "WHD Back Wage Payment – Midwest Region".

    b. Within 30 calendar days of the entry of this Consent Judgment, Defendants shall deliver the first of 11 monthly payments, each in the amount of $10,477.99, as identified in Exhibit B. Defendants shall make these 11 monthly payments by ACH transfer, credit card, debit card, or digital wallet at https://www.pay.gov/public/form/start/77692637 or

---

[1] Employees' names have been redacted for privacy reasons. Defendants acknowledge receiving employees' full names.

7

www.pay.gov and searching "WHD Back Wage Payment – Midwest Region". These payments shall continue on the first day of every month, until November 2024. A 10 calendar-day grace period shall be allowed for receipt of each payment that is required by this paragraph. If Defendants fail to make any payment within that 10 calendar-day grace period, all remaining installment payments shall become immediately due and payable, without presentment, demand, protest or notice of any kind, all of which Defendants hereby expressly waive.

  c. Defendants shall also furnish to the Acting Secretary the social security number and last known address for each employee named in Exhibit A.

  d. Upon receipt of full payment from Defendants, representatives of the Acting Secretary shall distribute such amounts, less appropriate deductions for federal income withholding taxes and the employee's share of the social security (F.I.C.A.) tax, to the employees or their legal representative as their interests may appear, in accordance with the provisions of section 16(c) of the FLSA. Defendants remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages distributed by the Acting Secretary.

e. Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Judgment. Any such amount shall be immediately paid to the Acting Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies.

f. Any monies not disbursed by the Department of Labor after three years from the date of payment by Employers, because of the inability to locate the proper persons or because of their refusal to accept payment, shall be deposited into the Treasury of the United States as miscellaneous receipts, pursuant to section 16(c) of the FLSA.

g. The provisions of this Consent Judgment shall not in any way affect any legal right of any individual not named on Exhibit A, nor shall the provisions in any way affect any legal right of any individual named on Exhibit A to file any action against Defendants for any violations alleged to have occurred outside the relevant period.

h. Should Defendants fail to pay any of the aforesaid installment payments on or before the date set forth above, the entire amount of the balance of unpaid compensation remaining shall become due without further notice by the Acting Secretary to Defendants. Any defaulted balance shall be subject to the assessment of interest and penalty interest at rates

9

determined by the U.S. Treasury as required by the Debt Collection Improvement Act of 1996 (P.L. 104-134) published by the Secretary of the Treasury in the Federal Register and other delinquent charges and administrative costs shall also be assessed. In the event of default, the Acting Secretary may pursue enforcement of this agreement and/or any additional collection action that may include, but is not limited to, administrative offset, referral of the account to credit reporting agencies, private collection agencies, and/or the Department of Justice.

11.  In the event Defendants fail to make any payment within 14 days of any due date set forth in the payment plan in Paragraph 10 and are not otherwise up-to-date on the total owed under this Consent Judgment, then Defendants consent to the entry of a Writ of Execution, consistent with the terms of this Consent Judgment and pursuant to Federal Rule of Civil Procedure 69, to enforce the monetary terms of this Consent Judgment. Such a writ of execution shall be limited to the pending balance of the Defendants' monetary obligations under this Consent Judgment at the time such writ is issued. The Acting Secretary may represent in filing for such a writ that Defendants consent to its issuance. In the event a writ of execution is entered by the Court, the Acting Secretary may engage in discovery in aid of execution as permitted by the Federal Rules of Civil Procedure. However, the Acting Secretary may not take any steps to enforce this

Consent Judgment absent a default by Defendants under the terms of this Consent Judgment.

12. By entering into this Consent Judgment, Plaintiff does not waive her right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to 29 U.S.C. § 216(e), with respect to any violations disclosed by such investigations.

It is FURTHER ORDERED that each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

Dated this 8th day of February, 2024.

s/Matthew F. Leitman  
Matthew F. Leitman  
United States District Judge

Entry of this judgment
is hereby consented to:

**For Defendants:**

Date  11/30/2023

**Koda Group Incorporated:**

By: *[signature]* Timothy Gilbert
    Its President/Owner

**Timothy Gilbert:**

*[signature]*
**Timothy Gilbert, Individually**

**For Plaintiff:**

Date  November, 30, 2023

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

*[signature]*
CORRELL L. KENNEDY
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
Telephone: 312-353-2240

12

Email: kennedy.correll.l@dol.gov

*Attorneys for Plaintiff Julie A Su,
Acting Secretary of Labor, United
States Department of Labor*

## EXHIBIT A

| Last Name | First Initial | Back Wages Due | Liquidated Damages Due | Post-Judgment Interest | Total Due |
|---|---|---|---|---|---|
| Adeshina | J. | $81.12 | $81.12 | $1.98 | $164.22 |
| Alshumary | A. | $1,245.09 | $1,245.09 | $30.21 | $2,520.39 |
| Andrews | I. | $95.75 | $95.75 | $2.32 | $193.82 |
| Ardinger | A. | $209.50 | $209.50 | $5.09 | $424.09 |
| Baker | R. | $2,328.50 | $2,328.50 | $56.54 | $4,713.54 |
| Bassett | A. | $244.66 | $244.66 | $5.95 | $495.27 |
| Beute | J. | $5,971.87 | $5,971.87 | $145.00 | $12,088.74 |
| Blackmon | L. | $3,104.45 | $3,104.45 | $75.36 | $6,284.26 |
| Borck | D. | $214.98 | $214.98 | $5.23 | $435.19 |
| Boyd | C. | $277.45 | $277.45 | $6.74 | $561.64 |
| Brown | C. | $121.32 | $121.32 | $2.96 | $245.60 |
| Brown | D. | $209.39 | $209.39 | $5.08 | $423.86 |
| Burke | T. | $223.42 | $223.42 | $5.43 | $452.27 |
| Carver | B. | $148.07 | $148.07 | $3.60 | $299.74 |
| Cooper | R. | $4,663.91 | $4,663.91 | $113.25 | $9,441.07 |
| Dawson | S. | $39.73 | $39.73 | $0.97 | $80.43 |
| Diaz | V. | $4,511.25 | $4,511.25 | $109.55 | $9,132.05 |

| Last Name | First Initial | Back Wages Due | Liquidated Damages Due | Post-Judgment Interest | Total Due |
|---|---|---|---|---|---|
| Duka | B. | $23.43 | $23.43 | $0.56 | $47.42 |
| Fuller | H. | $1,147.74 | $1,147.74 | $27.88 | $2,323.36 |
| Gossett | P. | $1,995.57 | $1,995.57 | $48.44 | $4,039.58 |
| Gribble | J. | $610.25 | $610.25 | $14.80 | $1,235.30 |
| Hamad | J. | $1,276.90 | $1,276.90 | $30.99 | $2,584.79 |
| Harlan | J. | $171.83 | $171.83 | $4.16 | $347.82 |
| Hasyn | A. | $764.02 | $764.02 | $18.53 | $1,546.57 |
| Hunter | A. | $91.67 | $91.67 | $2.23 | $185.57 |
| Jenkins | N. | $1.49 | $1.49 | $0.00 | $2.98 |
| Jirjes | J. | $104.72 | $104.72 | $2.56 | $212.00 |
| Kling | A. | $688.74 | $688.74 | $16.73 | $1,394.21 |
| Knapp | J. | $1,151.42 | $1,151.42 | $27.94 | $2,330.78 |
| Krupp | C. | $6,606.63 | $6,606.63 | $160.41 | $13,373.67 |
| MacQuarrie | B. | $1,171.71 | $1,171.71 | $28.44 | $2,371.86 |
| Mansour | J. | $44.39 | $44.39 | $1.07 | $89.85 |
| Martin | M. | $71.20 | $71.20 | $1.74 | $144.14 |
| Maxwell | M. | $53.50 | $53.50 | $1.29 | $108.29 |
| McCarthy | T. | $71.83 | $71.83 | $1.76 | $145.42 |

| Last Name | First Initial | Back Wages Due | Liquidated Damages Due | Post-Judgment Interest | Total Due |
|---|---|---|---|---|---|
| McCrary | D. | $1,962.53 | $1,962.53 | $47.66 | $3,972.72 |
| Michuta | D. | $960.98 | $960.98 | $23.33 | $1,945.29 |
| Mitchell | T. | $701.86 | $701.86 | $17.04 | $1,420.76 |
| Mona | R. | $738.73 | $738.73 | $17.94 | $1,495.40 |
| Moon | R. | $132.60 | $132.60 | $3.22 | $268.42 |
| Mundy | N. | $123.99 | $123.99 | $3.03 | $251.01 |
| Nance | R. | $221.33 | $221.33 | $5.38 | $448.04 |
| Nicholson | J. | $824.53 | $824.53 | $20.01 | $1,669.07 |
| Nickens | S. | $122.36 | $122.36 | $2.97 | $247.69 |
| Norkowski | T. | $439.12 | $439.12 | $10.67 | $888.91 |
| Parsons | D. | $192.45 | $192.45 | $4.65 | $389.55 |
| Parton | R. | $28.78 | $28.78 | $0.71 | $58.27 |
| Penny | N. | $291.26 | $291.26 | $7.07 | $589.59 |
| Perry | P. | $37.80 | $37.80 | $0.91 | $76.51 |
| Plescow | C. | $5,567.34 | $5,567.34 | $135.17 | $11,269.85 |
| Reyna | M. | $437.51 | $437.51 | $10.62 | $885.64 |
| Rumsey | C. | $1,425.51 | $1,425.51 | $34.60 | $2,885.62 |
| Said | N. | $238.28 | $238.28 | $5.79 | $482.35 |

| Last Name | First Initial | Back Wages Due | Liquidated Damages Due | Post-Judgment Interest | Total Due |
|---|---|---|---|---|---|
| Salerno | A. | $65.10 | $65.10 | $1.56 | $131.76 |
| Salerno | S. | $1,400.87 | $1,400.87 | $34.03 | $2,835.77 |
| Smith | C. | $187.91 | $187.91 | $4.58 | $380.40 |
| Strohauer | R. | $8,502.75 | $8,502.75 | $206.47 | $17,211.97 |
| Syrkett | S. | $495.03 | $495.03 | $12.04 | $1,002.10 |
| Taranto | J. | $778.07 | $778.07 | $18.89 | $1,575.03 |
| Taylor | C. | $1,951.00 | $1,951.00 | $47.38 | $3,949.38 |
| Weinberg | M. | $2,706.58 | $2,706.58 | $65.74 | $5,478.90 |
| Welch | K. | $80.59 | $80.59 | $1.96 | $163.14 |
| Wild | J. | $1,064.12 | $1,064.12 | $25.84 | $2,154.08 |
| Wright | J. | $1,155.84 | $1,155.84 | $28.07 | $2,339.75 |
| Young | L. | $3,033.54 | $3,033.54 | $89.16 | $6,156.24 |
| | | | | | |
| **Total** | | **$75,604.00** | **$75,604.00** | **$1852.07** | **$153,060.07** |

## EXHIBIT B

## PAYMENT SCHEDULE

| No. | Date Due | Gross Amount Due | Post-Judgment Interest | Total Installment Amount |
|---|---|---|---|---|
| 1 | 12/01/2023 | $37,802.18 | $0.00 | $ 37,802.18 |
| 2 | 01/01/2024 | $10,309.62 | $168.37 | $ 10,477.99 |
| 3 | 02/01/2024 | $10,309.62 | $168.37 | $ 10,477.99 |
| 4 | 03/01/2024 | $10,309.62 | $168.37 | $ 10,477.99 |
| 5 | 04/01/2024 | $10,309.62 | $168.37 | $ 10,477.99 |
| 6 | 05/01/2024 | $10,309.62 | $168.37 | $ 10,477.99 |
| 7 | 06/01/2024 | $10,309.62 | $168.37 | $ 10,477.99 |
| 8 | 07/01/2024 | $10,309.62 | $168.37 | $ 10,477.99 |
| 9 | 08/01/2024 | $10,309.62 | $168.37 | $ 10,477.99 |
| 10 | 09/01/2024 | $10,309.62 | $168.37 | $ 10,477.99 |
| 11 | 10/01/2024 | $10,309.62 | $168.37 | $ 10,477.99 |
| 12 | 11/01/2024 | $10,309.62 | $168.37 | $ 10,477.99 |
| Totals | | $151,208.00 | $1852.07 | $153,060.07 |